CHRISTOPHER JENSON v. GREAT NORTHERN RAILWAY COMPANY.

May 3, 1898.

Nos. 11,014—(66).

**Master and Servant—Negligence of Master—Assumption of Risk by Servant—Injury to Fellow Servant.**

While a servant impliedly assumes the risk of negligence by his fellow servants, yet he does not assume any risk on account of the negligence of the master, which is unknown to him; hence the fellow-servant rule has no application to a case where the master is negligent in employing or retaining in his service a careless and incompetent servant, who by his negligence injures his co-servant, who has no notice of his character.

**Same—Sufficiency of Complaint—Demurrer.**

The complaint herein is to the effect that the plaintiff was injured, while in the service of the defendant, by his incompetent and careless fellow servant (whom the defendant then knew to be such, but the plaintiff did not) carelessly and negligently causing an ax to fall upon him while each was in the line of his employment. *Held*, that complaint states a cause of action.

Appeal by plaintiff from an order of the district court for Otter

Tail county, Baxter, J., sustaining a demurrer to the complaint. Reversed.

*H. Steenerson* and *W. E. Rowe,* for appellant.

*C. Wellington* and *W. R. Begg,* for respondent.

START, C. J.

Appeal by plaintiff from an order sustaining a demurrer to his complaint.

The complaint alleges: That the defendant in the month of January, 1896, was engaged in the work of constructing an ice break, made of piles, for the protection of its bridge across the Red River of the North at Moorhead. That the plaintiff, who was one of a crew of six or eight men under the charge of a foreman, was at work on a lower cross girder connecting the piles, when the defendant, by its foreman, carelessly and negligently directed another workman belonging to the crew to go, with his tools, consisting of axes, saws and augers, upon a loose plank or staging above the plaintiff, and fasten the girders along the upper end of the piles, thereby rendering the place where the plaintiff was then working dangerous. That the defendant thereby, then and there, carelessly, negligently and unmindful of its duties to the plaintiff, caused a certain hand ax to fall and injure the plaintiff.

"That the workman so placed and set to work over the place where the plaintiff was working was an incompetent and careless workman, and so known to be by the defendant at that time, and was unknown to this plaintiff; and said workman, while so engaged, carelessly and negligently caused an ax lying loose upon the staging as aforesaid to fall down upon the plaintiff's head, and the plaintiff was thereby seriously wounded, and cut in his head, and his skull fractured."

If this complaint states a cause of action, it is only because it alleges that the plaintiff's fellow workman who carelessly dropped the ax which injured him was incompetent and careless, and that the defendant, knowing it, retained him in its service. This is so for the reason that the act of the foreman, whether he is to be regarded as a vice principal or otherwise, in directing the plaintiff's fellow workman to work with his tools on a loose staging over him, was not the direct cause of his injury.

The cause of the plaintiff's injury was the act of an incompetent and careless fellow servant in causing an ax to fall upon him. For this negligence the defendant is not liable if it was itself free from negligence in the premises; that is, if it did not knowingly retain such servant in its service. If it did, it is liable; for, while a servant impliedly assumes the risk of negligence by his fellow servants, yet he does not assume any risk on account of the negligence of the master which is unknown to him; and where the negligence of the latter in retaining an incompetent or careless servant combines with the negligence of such servant, and the two contribute to the injury of another servant, the master is liable. Or, in other words, the fellow-servant rule has no application to a case where the master is negligent in employing or retaining in his service an incompetent or careless servant, who by his negligence injures another servant, having no notice of such incompetency or carelessness. In such a case the master is liable for the act of the servant whom he negligently retains.

Therefore the complaint in this action states a cause of action if it shows on its face that the plaintiff was injured by the negligence of an incompetent and careless fellow servant, and that the defendant was negligent in retaining him in its service.

The complaint is to the effect that the plaintiff, while in the service of the defendant, was injured by his incompetent and careless fellow servant (whom the defendant then knew, but the plaintiff did not know, to be such), carelessly and negligently causing an ax to fall upon the plaintiff's head while each was in the line of his employment. The allegation that the fellow servant was careless necessarily implies that he was habitually negligent, for a careless man is one whose nature or habit is not to take ordinary care,— one who is negligent, unconcerned and heedless. The defendant, according to the allegations of the complaint, knowingly had such a man in its service, and knowingly subjected the plaintiff, who did not know that he was careless, to the risk of injury from the negligence of such a fellow servant, whereby the plaintiff was injured. Therefore the complaint states a cause of action.

Order reversed.